CHARLES M. FRANKS v. SAMUEL H. STEVENS AND HENRY C. FERRIS.

*Contract—Liability for services—Statute of frauds.*

This case involves the question of the liability of the purchaser of the interest of one of two owners of a mill, which was in the possession of third parties under a contract for the manufacture of lumber and shingles therein for said owners, but under which nothing of importance had been done; it being claimed by such contractors that the purchaser took the place of his vendor under the contract, and agreed to become responsible thereon. And it is held that if, before any material part of the labor had been performed, the purchaser represented to the contractors that he had made such purchase, and was to take the place of his vendor in said contract, and they, in reliance upon such statements, performed the services sued for, no good reason is seen why the purchaser is not liable with his co-owner for the labor performed.

Error to Gratiot. (Hart, J.) Argued June 25, 1890. Decided August 1, 1890.

*Assumpsit.* Defendant Ferris brings error. Affirmed. The facts are stated in the opinion.

*Stone & Mathews* and *James L. Clark,* for appellant,. contended:

1. Ferris & Stevens contracted with the plaintiff and his assignor, and defendant Henry C. Ferris could only be made liable by some written agreement whereby he became collaterally responsible, or by some complete and lawful obligation by which, for a valuable consideration, it was agreed between *all of the parties* that his liability should be substituted; citing *Dyer v. Tyler*, 49 Mich. 366; *Dean v. Board of Education*, 73 Id. 165.

2. Plaintiff cannot recover, in any event, under the common counts, his cause of action, if he has any, being founded upon the new and substituted contract; citing *Mining Co. v. Brady*, 14 Mich. 260; *Hatzenbuhler v. Lewis*, 51 Id. 585.

3. A partnership contract is purely a joint contract; citing *Candee v. Clark*, 2 Mich. 255; *Gates v. Fisk*, 45 Id. 522.

*M. C. Palmer*, for plaintiff.

CHAMPLIN, C. J. The declaration in this cause is upon the common counts in *assumpsit*, under which there is a bill of particulars setting forth the claim of plaintiff for sawing shingles and lumber. The defendants pleaded the general issue, and the cause was tried before a jury, who rendered a verdict for the plaintiff in the sum of $150.17, upon which judgment was rendered, and the cause is brought here by the defendant Henry C. Ferris.

In the spring of 1884, Samuel H. Stevens and Lawson S. Ferris, composing the firm of Ferris & Stevens, owned a lumber and shingle mill situated at Belltown, in the township of Sumner, Gratiot county, Mich. On or about April 1, 1884, they entered into a contract with Charles M. Franks and Gaines Dunshee, as the firm of Franks & Dunshee, wherein it was agreed that Franks & Dunshee were to run and operate the saw-mill during the season of 1884, and cut out a certain stock of logs which the firm of Ferris & Stevens then had in their pond belonging to them, and also certain logs belonging to customers, for which Franks & Dunshee were to receive a certain price per thousand feet for lumber, and a certain

price per thousand for shingles. Franks & Dunshee were to pay all the running expenses of the mill, and stand all breakages over five dollars, and share with the firm of Ferris & Stevens the expense of certain other breakages. Ferris & Stevens were to remove all spaults and refuse from the mill.

Under this contract, Franks & Dunshee, about April 1, took possession of the mill, and commenced operations, sawed a few shingle bolts, but did nothing of any importance until they were informed that Lawson S. Ferris had sold out his interest in the mill, machinery, and power to his brother, Henry C. Ferris. By this sale no interest in the logs or stock then at the mill was sold or transferred by Lawson S. to his brother, Henry C. Ferris. At the time of his purchase from Lawson S., Henry C. Ferris did not know of this Franks & Dunshee contract, and no mention of it was made at the time of the sale, but afterwards Lawson S. Ferris called his attention to it, and stated what the contract was, and Henry C. Ferris said that he had no objections so long as he got his share of the use of the mill. Franks & Dunshee went on under their contract, and cut certain logs and shingles, and at the close of the season's business presented their bill for a balance due them to Henry C. Ferris, who denied all liability therefor; whereupon Dunshee assigned his interest in the claim to Franks, and he instituted this suit to recover from Samuel H. Stevens and Henry C. Ferris the amount of the claim.

The theory upon which the plaintiff sought to recover was that Henry C. Ferris and the defendant Samuel H. Stevens entered into a partnership under the firm name of Stevens & Ferris, and that as such partners they undertook and agreed to carry out the contract which had been made between Franks & Dunshee and the firm of

Ferris & Stevens. Upon the trial of the cause he introduced testimony as to the admissions made by Henry C. Ferris that he was a partner doing business with the defendant Stevens under the name of Stevens & Ferris, and also that the defendant assumed with him the contract entered into with Franks & Dunshee, and had informed them that they were to continue on and cut the logs and shingle bolts just the same as if he had not purchased his brother's interest in the mill property. The testimony was very conflicting. Both the Ferrises denied that Henry C. had any interest whatever in the logs cut, and denied that Henry C. was a partner of Stevens, and Henry denies ever having held himself out as such partner. He testifies that Stevens endeavored to treat him as such, and use his name in connection with his, but that as soon as he ascertained the fact he forbade him doing so, and refused to be recognized or become partner in any manner whatever.

It is claimed on the part of counsel for defendant Ferris that there was no testimony whatever offered by the plaintiff showing, or tending to show, any consideration for the agreement which the plaintiff claimed Henry C. Ferris entered into, but the testimony of defendant Ferris shows that he was to receive his share of the earnings of the mill (sometimes in the testimony termed "profits" for the use of the mill, sometimes denominated "rents"), and that he consented to the firm of Franks & Dunshee going on and performing the sawing under the contract. He also used the spaults and refuse made in carrying out the contract in a permanent improvement of the real estate, in building a dock or place to put lumber, and for teams to turn around on. He also took part in removing the spaults and refuse, but this he claims he did for his brother, Lawson. It cannot be said that there was no benefit accruing to him from the performance of the con-

tract, and hence it cannot be said that there was no testimony tending to show any consideration for the alleged agreement that he was to take the place of his brother, Lawson, in the performance of such contract.

The circuit judge was requested by counsel for defendant Ferris to charge the jury that the plaintiff had not established such a case as entitled him to recover. This the court refused, but charged the jury:

"If you find from the testimony that the contract was made, as the plaintiff claims it was, with H. C. Ferris, and they did this work under that agreement, * * * your verdict should be for the plaintiff. * * * On the contrary, should you be unable to find from all the testimony that the plaintiff worked for the defendant H. C. Ferris in the running of that mill, and sawing and manufacturing lumber and shingles, * * * your verdict should be, 'No cause of action.'"

It is claimed by counsel for defendant Ferris that there is not one *scintilla* of evidence upon which to base this charge. We think otherwise. There was testimony in the case which, if believed, tended to show that, after Henry C. Ferris purchased his brother's interest in the mill, he entered into a partnership agreement with Stevens, under the firm name of Stevens & Ferris, and that, before the plaintiff and Dunshee had entered substantially upon the work of sawing the lumber, he had agreed with them to become responsible with Stevens for the contract which had been entered into between them and Ferris & Stevens. The court in its charge called attention to such testimony tending to establish such facts, and also to the testimony tending to disprove them, and very fairly and properly left the question of fact with the jury to determine whether they found from the testimony that the contract was made, as the plaintiff claimed it was, with H. C. Ferris, and that they did this work under that agreement and arrangement made with H. C. Ferris,

and, if they so found, their verdict should be for the plaintiff; but, on the contrary, that if they were unable to find from all the testimony that the plaintiff worked for the defendant H. C. Ferris in the running of that mill, and sawing and manufacturing lumber and shingles, by a preponderance of evidence in his favor, their verdict should be, "No cause of action," for H. C. Ferris could not be held liable under a contract that he never made.

It is furthermore claimed by counsel for defendant H. C. Ferris that he could only be made liable by some agreement in writing whereby he became collaterally responsible, or by some complete and lawful obligation by which, for a valuable consideration, it was agreed between all the parties that his liability should be substituted; and counsel regard the contract, as proven, an attempt at novation, wherein, as he claims, there must be an absolute extinguishment of the old debt.

I do not think the contract tends to prove a novation, but an original undertaking, in connection with the defendant Stevens, to become responsible for work to be done for them, and for which they were to pay; that is, upon the strength of plaintiff's testimony. The jury having found in plaintiff's favor upon the disputed facts, if those facts were material to the issue, we must regard them as the real facts in the case. Upon the plaintiff's theory, and upon his proofs, the work and labor which was to be performed in the future was not performed until after Henry C. Ferris had stated to Franks & Dunshee that he took his brother's place in the contract with Stevens, and requested them to go on and perform the contract on their part. The contract between Ferris & Stevens of the one part, and Franks & Dunshee of the other, was a contract for labor to be performed in sawing lumber and making shingles. Franks & Dunshee did not lease the mill, and did not agree to pay any rental.

The mill and power were furnished to them. If it was a fact that, before any material part of the labor had been performed, defendant Ferris represented to them that he had bought out the interest of Lawson S. Ferris in the mill, and was to take his place in the contract with them, and they, in reliance thereon, performed the services sued for, there does not seem to be any reason why the defendant Ferris is not liable with Stevens for the labor performed.

The testimony which was objected to was admissible under plaintiff's theory, and the errors assigned thereon must be overruled. If the defendant's testimony is true, there was no cause for action against him; but neither the weight of the testimony nor the credibility of the witnesses is open to our consideration. All matters of fact are within the province of the jury.

The judgment must be affirmed.

MORSE, CAHILL, and LONG, JJ., concurred. GRANT, J., did not sit.